**THE GREEN LAW GROUP, LLP**
Scott Thomas Green, SBN 82220
    SCOTT@THEGREENLAWGROUP.COM
Mike M. Khalilpour, SBN 266821
    MIKE@THEGREENLAWGROUP.COM
Matthew T. Bechtel, SBN 260450
    MATTHEW@THEGREENLAWGROUP.COM
1777 E. Los Angeles Avenue
Simi Valley, California 93065
Tel: (805) 306-1100 | Fax: (805) 306-1300

Attorneys for Plaintiff
*ENTERTAINMENT EARTH, INC., a California corporation*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENTERTAINMENT EARTH, INC., a California Corporation,<br><br>    Plaintiff,<br><br>v.<br><br>TOY OVERLORD, INC., a Delaware Corporation; and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No. 2:21-cv-01024<br><br>COMPLAINT FOR DAMAGES:<br><br>1.  Breach of Contract<br>2.  Common Count: Account Stated<br>3.  Common Count: *Quantum Valebant* |

    Plaintiff ENTERTAINMENT EARTH, INC., a California corporation (hereinafter "EE" or "Plaintiff") alleges in its Complaint for damages, as more fully set forth below. The factual allegations set forth herein, have evidentiary support or, to the extent they are contained in a paragraph made upon information and belief, likely will have evidentiary support after a reasonable opportunity for further investigation or discovery.

## THE PARTIES

1. Plaintiff Entertainment Earth, Inc. ("Plaintiff") was and is at all times relevant herein a corporation formed and operating under the laws of the State of California, with its principal place of business and headquarters located in Simi Valley, Ventura County, California.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant Toy Overlord, Inc. ("Toy Overlord") is a corporation formed and operating under the laws of the State of Delaware, with its principal place of business and headquarters located in Salt Lake City, Utah. Plaintiff is further informed and believes, and thereon alleges that Toy Overland also does business and/or is known as "Megalopolis" and "Megalopolis: City of Collectibles."

3. The true names and capacities, whether individual, or otherwise, of Defendants sued herein as Does 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names and Plaintiff will seek to amend this Complaint to show their true names and capacities when the same has been ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as Doe is legally responsible in some manner for the events and occurrences referred to herein and caused injury and damage proximately thereby to Plaintiff as alleged herein. Each reference in this Complaint to "defendant," "Defendants" or a specifically named defendant refers also to all Defendants sued under fictitious names.

## JURISDICTION AND VENUE

4. Toy Overlord is a defendant to all of Plaintiff's claims, and all of Plaintiff's claims concern the dealings among the parties, such that they are so related that they form part of the same case or controversy under Article III of the United States Constitution.

5. This Court has original jurisdiction over every cause of action stated herein because there is complete diversity of citizenship between Plaintiff and all

Defendants, and the amount in controversy exceeds $75,000.00 as to Plaintiff's claims against a single defendant, Toy Overlord. Under Title 28 United States Code §1332 this Court may exercise diversity jurisdiction over all of Plaintiff's claims stated herein.

6. Venue in this Court is proper because the acts alleged herein took place in, or concerned real property located in, Ventura County, in the State of California, making the Central District of California the appropriate venue for this action to be heard.

## GENERAL ALLEGATIONS

7. Plaintiff is in the collectibles and toy industry, offering expertise expansive selections of tens of thousands of licensed products, ranging from popular toy and gift items to high-end limited-edition pieces and hard-to-find collectibles. In addition to providing *direct to consumer* products, Plaintiff has a dealer / merchant wholesale distribution division called "EE Distribution." To that end, Plaintiff is also a wholesale distributor of the various products referenced herein, and offers an extensive collection of toys, action figures, vinyl figures, collectible statues, prop replicas, television and film memorabilia, comic book figures, board games, dolls, gifts, and sports collectibles, among other items for retail sale by third party merchants, like Defendants.

8. Defendant is a collectible toy brand with both an online and brick-and-mortar presence in the State of Utah, providing sale of licensed collectives as a retailer similar to Plaintiff's *retail* division.

9. The underlying dispute giving rise to this civil action stems from an agreement in which Plaintiff supplied wholesale toys and collectibles to Defendant Toy Overlord. Plaintiff contends that Defendants breached the agreement by failing to pay for products delivered.

///

///

10. On or about December 6, 2017 Plaintiff and Defendant Toy Overlord entered into a written agreement, whereby Toy Overlord agreed to become a wholesale vendor of products sold by Plaintiff. Between December 6, 2017 and present date, Toy Overlord would order products and pay the agreed upon prices. Attached as "**Exhibit A**" is a true and correct copy of the agreement, including the terms and conditions by which the parties agreed to adhere to.

11. The usual and customer business practice of the relationship between the Parties included the placing of a purchase order by Defendants for specific products, acknowledgment of said purchase order by Plaintiffs, fulfillment of the items subject to the purchase order, and shipment of same.

12. To that end, between July 30, 2020 and December 30, 2020 Defendant placed multiple orders for various products. Attached as "**Exhibit B**" is a true and correct copies of the orders placed during the aforesaid time period.

13. Pursuant to the terms and conditions of the Agreement, payment was due within thirty (30) days of receipt of the products. In or around October 2019, payment terms were modified to sixty (60) days of receipt of the products. In or around September 2020, payment terms were further modified to fifteen (15) days of receipt of the products. As illustrated in the attached **Exhibit B**, starting in or around September 2020, through December 2021, Defendants failed to timely make payment for the products ordered and shipped. Attached as **Exhibit C** is a true and correct copy of the signed addendum to the Agreement.

14. As Defendant was in breach of the Agreement, and having failed to timely make payment on ordered that were fulfilled, pursuant to the terms and conditions of the Agreement, Defendant would be additionally subject to both cancellation fee(s) and/or restocking fee(s) for any *pending orders* of items which Plaintiff would otherwise not be able to return to its respective manufacturer.

15. As a result of Defendant's failure to make timely payments over the course of numerous months, on or about December 15, 2020, Plaintiff, by way of

counsel of record, demanded payment in the amount of $461,678.23, inclusive of a principal balance of $209,165.78 in addition to $252,512.45 for cancellation fees associated with pending orders. Attached as **Exhibit D** is a breakdown of the cancellations fees Defendants incurred per the terms of the Agreement and any addendums thereto. Attached as **Exhibit E** is a true and correct copy of the December 15, 2020 demand letter sent to the Defendants.

16. As of the date of the signing of this Complaint, Defendants have failed to make any payments towards the amounts owed and due, as indicated in the preceding paragraph 15, above.

## **FIRST CAUSE OF ACTION**
## **BREACH OF CONTRACT**

(Against All Defendants)

17. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 16, inclusive, of this Complaint and incorporates the same by this reference, as though fully set forth herein.

18. On or around December 6, 2017 Plaintiff entered into a written agreement with Defendants for the ongoing purchase of toys and collectibles.

19. Plaintiff performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the agreement except for those conditions, covenants, and promises which were excused by Defendants, and/or conditions, covenants, and promises which Plaintiff was prevented from performing by the acts or omissions to act on the part of Defendants.

20. Defendants breached the agreement by refusing to make timely payments, beginning on or about September 07, 2020.

21. Although demand therefor has been made for payment, no part of the outstanding invoices has been paid, and there is now due and owing to Plaintiff the sum of at least $461,678.23 in unpaid invoices and fees for backorders.

22. Pursuant to the agreement and the California Civil Code, Plaintiff is

Case 2:21-cv-01024-RGK-JPR   Document 1   Filed 02/04/21   Page 6 of 8   Page ID #:6

entitled to damages of at least $461,678.23, plus interest at the maximum rate allowed by law from on or about September 07, 2020 plus costs, and attorney fees incurred in enforcing the Agreement, and any other remedy provided for by law, equity, or the agreement. Plaintiff's precise measure of damages will be established according to proof at the trial herein.

## SECOND CAUSE OF ACTION
## ACCOUNT STATED

(Against All Defendants)

23. Plaintiff repeats each and every allegation contained in Paragraphs 1 through 16, inclusive, of this Complaint and incorporates the same by this reference, as though fully set forth herein.

24. On or around December 6, 2017, Plaintiff entered into a contractual relationship with Toy Overlord. Plaintiff continued to deliver merchandise to the Defendants on an ongoing basis, and continued to receive payment from Defendants. Both parties thus operated under the assumption that the prevailing terms were correct and just. Defendants' continued willingness to receive product from Plaintiff implied a promise to pay under those terms.

25. Plaintiff performed all conditions, covenants, and promises required on its part to be performed in accordance with the terms of the agreement except for those conditions, covenants, and promises which were excused by Defendants, and/or conditions, covenants, and promises which Plaintiff was prevented from performing by the acts or omissions to act on the part of Defendants.

26. As of September 07, 2020, Defendants began to miss payments.

27. Although demand therefor has been made for payment, no part of the outstanding invoices has been paid, and there is now due and owing to Plaintiff the sum of at least $461,678.23 in unpaid invoices and fees for backorders.

28. Pursuant to the agreement and the California Civil Code, Plaintiff is entitled to damages in an amount of at least $461,678.23. Plaintiff's precise measure

- 6 -
COMPLAINT FOR DAMAGES

of damages will be established according to proof at the trial herein.

## THIRD CAUSE OF ACTION
## QUANTUM VALEBANT
(Against All Defendants)

29.   Plaintiff repeats each and every allegation contained in Paragraphs 1 through 16, inclusive, of this Complaint and incorporates the same by this reference, as though fully set forth herein.

30.   Within the last two years, in the County of Los Angeles, State of California, Defendants, and each of them, became indebted to Plaintiff in the sum of $461,678.23 at the Defendant's special instance for sale and delivery of the products as illustrated in **Exhibits B--C**. The reasonable value of the products is the sum of at least $461,678.23.

31.   Plaintiff has demanded payment therefor, and there is now past due, owing and unpaid from Defendants, and each of them, to PLAINTIFF the sum of at least $461,678.23 plus interest thereon at the maximum rate from various dates on which invoices were issued for the materials.

## PRAYER

**WHEREFORE**, Plaintiff prays for judgment against Defendants, and each of them as follows:

**ON THE FIRST CAUSE OF ACTION:**

1.   For the sum of at least $461,678.23; plus interest thereon at the maximum rate allowed by law from September 07, 2020;

**ON THE SECOND CAUSE OF ACTION:**

2.   For the sum of at least $461,678.23; plus interest thereon at the maximum rate allowed by law from September 07, 2020; and

**ON THE THIRD CAUSE OF ACTION:**

3.   For the sum of at least $461,678.23; plus interest thereon at the maximum rate allowed by law from September 07, 2020; and

**ON ALL CAUSES OF ACTION:**

4. For interest on said sum at the maximum legal rate per annum from the dates the various invoices became due, through the date of judgment;

5. For reasonable attorney's fees under the contract;

6. For costs of suit incurred herein; and

7. For such other and further relief as the Court deems proper.

Dated: February 4, 2021         **THE GREEN LAW GROUP, LLP**

/s/ Scott Thomas Green
By: _____
   Scott Thomas Green
   Mike M. Khalilpour
   Matthew T. Bechtel
   Attorneys for Plaintiff
   Entertainment Earth, Inc.